## P. M. BRASHER v. THE STATE.

### No. 14444.  Delivered November 18, 1931.

The opinion states the case.

*A. E. Masterson,* of Angleton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Unlawfully transporting intoxicating liquor is the offense; penalty assessed at confinement in the penitentiary for one year.

The appellant and Ben Wilson were at a gathering of negroes at which there were a dance and supper.

R. C. Burt, a deputy sheriff, and his brother, T. A. Burt, observed the movements of the appellant and Ben Wilson and suspected that the car contained intoxicating liquor. Acting upon suspicion, they searched the car. As the appellant and Wilson were about to drive away in their car, R. C. Burt asked the appellant where he was going. Appellant said that he "was going out to the prairie to see Jesse Ball", and said: "Is this Mr. McKinney?" Burt replied, "No, it is his deputy", and then

asked the appellant where he had been. The appellant said he had been squirrel hunting. R. C. Burt said, "What you got in there?" T. A. Burt then raised a quilt which was in the car, and under it there were two gallons of whisky in a sack. They also found a pistol in the car. On cross-examination, R. C. Burt said: "Why certainly I arrested this defendant on suspicion. I didn't have no search warrant, and I just search his car on suspicion. The only thing I saw out at that dance was that Mr. Brasher and this nigger drove up there in a car and stopped, and the nigger got out of the car and went over and talked to another nigger, and then came back and got in the car again. We just suspicioned that's what he had is the reason we stopped his car and searched him. * * * I just saw the car driving up there and I suspicioned he was the man that was bringing the stuff in there; I knew somebody was. * * * I did not see any whisky before I made the arrest, and I did not see any whisky in the car before I searched it. Prior to making the arrest, I did not see either of the defendants with any whisky, nor did I see anybody in connection with their car with whisky prior to making the arrest. The fact of the business is when my brother found this whisky in the car, I told him to hand it to me, and told the defendant, P. M. Brasher, at that time, that he was under arrest."

T. A. Burts gave testimony in substance like that of his brother. From it we quote: "I went on the other side of their car and got up on the running board of the car and went to searching the car, and I found two gallons of whisky in a sack, and there was a funnel in that sack too, and I says, 'I don't know what I have found here, but is something in a sack'; and I got it out of the sack and went to open it, and he (Mr. Brasher) said, 'No use opening it; it is whisky', but I opened one of the jugs any way and it smelled like whisky. * * * My brother and I searched that car on suspicion; we had heard that people had been coming there, but we hadn't heard that Mr. Brasher had been coming there. I did not see any whisky until after I had searched the car."

The appellant contends that the record fails to show "probable cause" authorizing a search without a warrant, and that the testimony relating to the result of the search was not admissible. Both of appellant's propositions are deemed sound and require a reversal of the judgment of conviction. See Chapin v. State, 107 Texas Crim. Rep., 477, 296 S. W., 1095.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*